**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

---

| | |
|---|---|
| LILIAN BARAHONA DE SANCHEZ<br>8757 Georgia Avenue, Suite 400<br>Silver Spring, Maryland 20910<br><br>*Individually and on Behalf*<br>*of All Others Similarly Situated*,<br><br>Plaintiff,<br>    v.<br><br>HORIZON HEALTHCARE PROFESSIONALS, LLC<br>6 Pidgeon Hill Drive<br>Sterling, Virginia 20165<br><br>SERVE:    <u>**Registered Agent:**</u><br>        Maria Teresa Iturri<br>        6 Pidgeon Hill Drive<br>        Sterling, Virginia 20165<br><br>Defendant. | Civil Action No.: |

---

## PLAINTIFF'S COLLECTIVE ACTION COMPLAINT

Plaintiff Lilian Barahona De Sanchez ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action against Horizon Healthcare Professionals, LLC ("Defendant"), for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Plaintiff states the following as his claims against Defendant:

### OVERVIEW

1.    Plaintiff brings claims to recover unpaid overtime compensation under the FLSA. She brings these claims on her own behalf, and as a collective action on behalf of all current or

former similarly situated home health aides and/or personal care assistants, who may choose to opt in to this action under 29 U.S.C. § 216(b).

2.      As described below, Defendant failed to pay Plaintiff and those similarly situated 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek. By doing so, Defendant have violated the FLSA.

## THE PARTIES

3.      Plaintiff is an adult resident of the Commonwealth of Virginia.

4.      Plaintiff was employed by Defendant as a Home Health Aide ("HHA") and/or Personal Care Assistant ("PCA") during the period of about August 2019 through about September 2019.

5.      By acting as the named Plaintiff in this FLSA collective action, and filing this Collective Action on behalf of herself and others similarly situated, Plaintiff does hereby affirm her consent, in writing, to be a Plaintiff in a Collective Action seeking unpaid wages and statutory damages on behalf of himself and others similarly situated.

6.      Plaintiff and those similarly situated are or were employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

7.      Defendant is a limited liability company with its principal place of business in Sterling, Virginia.

8.      Defendant is a home health care agency that provides in-home health care services and related personal care assistant services for children and adults primarily in the Commonwealth of Virginia.

9.      Defendant is or has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon

information and belief, has had an annual gross volume of sales made or business done of not less than $500,000.00 at all relevant times.

10.     At all relevevant times, Defendant qualified as the "employer" of and for Plaintiff and those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203(d).

11.     Plaintiff, and all those similarly situated, are or were individual employees engaged in commerce or in the production of goods or services for commerce. 29 U.S.C. § 207.

## JURISDICTION & VENUE

12.     This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, because Plaintiff's claims arise under the FLSA, a Federal statute.

13.     This Court has personal jurisdiction over Defendant because Defendant regularly conduct business in the geographic region of the Eastern District of Virginia.

14.     Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendant reside within this District, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS

15.     Plaintiff and those similarly situated work or worked for Defendant as HHA/PCAs to provide companionship and related in-home care services for Defendant's clients.

16.     Defendant knowingly suffered and permitted Plaintiff and those similarly situated to regularly work more than forty (40) hours in workweeks.

17.     During his employment with Defendant, Plaintiff regularly and customarily worked between (60) to seventy (70) or more hours per week.

18.     At all times, Defendant had actual knowledge of all hours Plaintiff and those similarly situated worked because Plaintiff and those similarly situated submit weekly time

sheets to Defendant's offices and Defendant affirm the accuracy of these records and submit the same records to the Federal Government and other third parties for payment and/or reimbursement.

19.     Plaintiff and those similarly situated were not compensated in accordance with the FLSA because they were not paid proper overtime wages and the required time-and-one-half rate for all hours worked more than forty (40) per workweek.

20.     Specifically, rather than paying them 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek, which is required by the FLSA, Defendant paid Plaintiff and those similarly situated only "straight time" (at their regular hourly rates) for overtime worked over forty (40) hours per week. *See* 29 U.S.C. § 207.

21.     At all times during Plaintiff's period of employment, Defendant had actual knowledge of the FLSA time-and-one-half overtime requirement.

22.     Defendant had actual knowledge their failure to pay Plaintiff and those similarly situated at the FLSA required time-and-one-half rate for overtime hours worked more than (40) per week constituted a direct violation of the FLSA overtime pay requirement.

## COLLECTIVE ACTION ALLEGATIONS

23.     Plaintiff brings this action individually and on behalf and all similarly situated individuals.

24.     Plaintiff seeks certification of the following FLSA collective:

> All current or former Home Health Aides, Personal Care Assistances, or other similar job titles, who work or have worked for Defendant or any predecessor for which Defendant are legal successors and/or legal successors of Defendant and, at any time during the three (3) years prior to the filing of this Complaint through the entry of judgment, worked more than forty (40) hours in a week and (2) were not paid by Defendant at the time-and-one-half rate for overtime hours worked more than forty (40) hours in that week (the "FLSA Collective").

4

25.     Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at a rate of 1.5 times an employee's regular rate of pay for hours worked over forty (40) in a workweek.

26.     At all times relevant, Defendant paid Plaintiff and other similarly situated individuals at their regular hourly rate for all hours worked including overtime hours worked over forty (40) hours per week.

27.     At all times relevant to this action, the regulations of the FLSA have set forth explicitly and unequivocally that domestic-service workers employed by third-party agencies or employers (such as Defendant) are not exempt from the FLSA's minimum wage and overtime requirements. 29 C.F.R. § 552.109(a).

28.     At all times relevant to this action, Plaintiff and those similarly situated have worked more than forty (40) hours per workweek for Defendant without receiving proper overtime compensation for their overtime hours worked.

29.     Because of Defendant's failure to pay Plaintiff and those similarly situated the overtime compensation required by law, Defendant have violated the provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2).

30.     Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the FLSA Collective proper overtime compensation for all hours worked over forty (40).

## CAUSE OF ACTION

### COUNT I
### UNPAID OVERTIME WAGES
**FAIR LABOR STANDARDS ACT – 29 U.S.C. § 201, *et seq.***
On Behalf of Plaintiff and the FLSA Collective

31.     Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

32.     The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees 1.5 times the regular rate of pay for all hours worked over forty (40) hours per workweek.

33.     Defendant suffered and permitted Plaintiff and those similarly situated to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the FLSA, 29 U.S.C. § 201 *et seq.* and its implementing regulations.

34.     Defendant knew, or showed reckless disregard for the fact, that it failed to pay these individuals proper overtime compensation in violation of the FLSA.

35.     Defendant's failure to comply with the FLSA overtime protections caused Plaintiff and those similarly situated to suffer loss of wages and interest thereon.

36.     Plaintiff and those similarly situated are entitled to unpaid overtime, liquidated damages, and attorney's fees and costs under the FLSA.

**WHEREFORE**, Plaintiff, individually and on behalf of those similarly situated, prays for relief as follows:

A. Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

B. Judgment against Defendant, jointly and severally, for violation of the overtime provisions of the FLSA;

C. Judgment that Defendant's violations of the FLSA were willful;

D. An award to Plaintiff and those similarly situated in the amount of unpaid overtime wages and liquidated damages;

E.  An award of any pre- and post-judgment interest;

F.  An award of reasonable attorneys' fees and costs to be determined by post-trial petition;

G.  Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

H.  Such further relief as may be necessary and appropriate.

Dated:   October 7, 2019

Respectfully Submitted:

/s/ Gregg C. Greenberg
Gregg C. Greenberg, VA Bar No. 79610
ggreenberg@zagfirm.com
ZIPIN, AMSTER & GREENBERG
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Telephone: (301) 587-9373
Facsimile: (240) 839-9142

*Counsel for Plaintiff and the*
*FLSA Collective*